UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PAULINA PINEIRA,

    Plaintiff,

v.

BLUESTEM ENTERPRISES, INC.
d/b/a FINGERHUT and
BERMAN & RABIN, P.A.

    Defendants.
_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA"), the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et. seq. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227 and Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (U.S. 2012) and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. Venue in this District is proper because Plaintiff resides here and Defendant, BLUESTEM ENTERPRISES, INC, d/b/a Fingerhut ("BSE" "Bluestem") and Defendant, Berman & Rabin, PA ("B&R" or "Berman"), collectively ("Defendants") do business in this district and Defendants placed phone calls, and sent letters to the Plaintiff in this district.

1

4. This Court has supplemental jurisdiction under 28 U.S.C. 1367 to hear and decide any related state law issues.

## PARTIES

5. Plaintiff, PAULINA PINEIRA ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

6. Plaintiff is the sole user, possessor, subscriber, and operator of the cellular telephone, ###-###-3554 that Defendants were calling.

7. B&R is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 15280 Metcalf Ave. Overland Park, KS 66223; Plaintiff further alleges that B&R is a citizen of the state of Kansas.

8. Bluestem Enterprises, Inc. d/b/a Fingerhut is a consumer retailer that uses, among other things, an automated telephone dialing system ("ATDS") to collect on past invoices and/or credit.

9. B&R regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. B&R regularly collects or attempts to collect debts for other parties.

11. B&R is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. B&R is a "debt collector" as defined by the FCCPA, and is registered as a consumer collection agency with the Florida Office of Financial Regulation.

13. B&R was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

14. Plaintiff is a "consumer" as defined by Florida Statute §559.55(2).

15. Defendants, Bluestem and B&R are subject to the provisions of Fla. Stat. §559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.55(1).

16. Defendant, Bluestem, is a corporation with its principal place of 6509 Flying Cloud Dr. Suite 300, Eden Prairie, MN 55344. Plaintiff further alleges that Bluestem is a citizen of the state of Minnesota.

17. Defendant, Bluestem, is a "creditor" as defined in the FCCPA Florida Statute 559.55(3)

18. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

19. Defendant, Bluestem, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

20. Defendant, Bluestem, regularly collects or attempts to collect debts for consumer credit services.

21. Plaintiff accrued a debt with Bluestem, which was primarily for household, personal or family purposes.

22. Because Bluestem is the creditor on whose behalf B&R placed the calls, each are jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE

CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

23. On or about October 1, 2014, Plaintiff purchased personal and household goods from Bluestem.

24. Subsequently, Plaintiff incurred a debt with Bluestem. Said debt was incurred in transactions made for primarily personal, household, or family purposes.

25. Shortly thereafter, Plaintiff began to receive automated telephone calls on her cellular telephone from the Bluestem attempting to collect a debt from Plaintiff.

26. Upon answering any of these calls, the Plaintiff was greeted by pre-recorded message, artificial voice, and/or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live operator.

27. On at least two occasions, Plaintiff demanded that the Defendants stop calling.

28. On or about August 21, 2015, Plaintiff simultaneously received letter(s) from Bluestem attempting to collect (hereinafter "letters") on Plaintiff's unpaid balance of $824.61.

29. Bluestem subsequently sold and assigned said debt to B&R, a foreign limited liability company.

30. On September 7, 2015, seventeen (17) day later, B&R sent Plaintiff a dunning letter referencing her Bluestem account number "0605" attempting to collect a consumer debt on behalf of Bluestem in the amount of $878.86 (at least $50.00 more).

31. The Debt arose from services, which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

32. Simultaneously, Defendants, B&R acting on behalf or at the request of Bluestem, attempted to communicate with Plaintiff on her cellular telephone with pre-recorded messages and/or using an Automatic Telephone Dialing System ("ATDS").

33. The phone calls placed by Defendant, B&R, were "communications" as defined by 15 U.S.C 1692a(2). See Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945 (D. Minn. 2008); Berg v. Merchs, Ass'n Collection Div., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

34. Upon answering any of these calls from Berman & Rabin, the Plaintiff was greeted by pre-recorded message, artificial voice, and/or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live operator.

35. Despite Plaintiff repeatedly instructing both Defendants to cease their phone calls, Defendants continued to call Plaintiff's cellular telephone.

36. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

37. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING THE BLUESTEM

38. Plaintiff incorporates Paragraphs 1 through 37.

39. Defendant Bluestem, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, Bluestem for:

    a. Damages;

    b. a declaration that Defendants calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST BLUESTEM

40. Plaintiff incorporates Paragraphs 1 through 37.

41. In collecting consumer debts, no person shall… willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff. Specifically, the Plaintiff repeatedly requested for the telephone calls to stop, but Bluestem continued to call.

43. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), §§ 559.72(9), 559.72(18).

44. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

45. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, Bluestem, for:

    a. Damages, both statutory and actual;

    b. Declaring that Defendant's practices are in violation of the FCCPA;

    c. Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

    d. Attorney's fees, litigation expenses and costs of suit; and

    e. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING BERMAN AND RABIN

46. Plaintiff incorporates Paragraphs 1 through 37.

47. Defendant Bluestem, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, Bluestem for:

      a.      Damages;

      b.      a declaration that Defendants calls violate the TCPA;

      c.      a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.      Such other or further relief as the Court deems proper.

## COUNT IV
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST BERMAN & RABIN

48. Plaintiff incorporates Paragraphs 1 through 37.

49. In collecting consumer debts, no person shall… willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

50. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff. Specifically, the Plaintiff repeatedly requested for the telephone calls to stop, but B&R continued to call.

51. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), §§ 559.72(9), 559.72(18).

52. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

53. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, B&R, for:

 a. Damages, both statutory and actual;

 b. Declaring that Defendant's practices are in violation of the FCCPA;

 c. Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

 d. Attorney's fees, litigation expenses and costs of suit; and

 e. Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE FDCPA AGAINST BERMAN & RABIN
## 15 U.S.C.§1692 et. seq.

54. Plaintiff incorporates Paragraphs 1 through 37.

55. The Defendant, B&R conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

56. The Defendant, Berman, conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass. See Dunning v. Portfolio Recovery Associates, LLC, 903 F.Supp.2d 1362 (S.D.Fla.2012). Specifically, the Plaintiff repeatedly requested for the telephone calls to stop, but B&R continued to call.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, BERMAN for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

<h3 style="text-align:center">COUNT VI<br>VIOLATION OF FDCPA AGAINST BERMAN & RABIN 15 U.S.C. §1692f<br>THE USE OF UNFAIR OR UNCONSCIONABLE MEANS TO COLLECT A DEBT</h3>

57. Plaintiff incorporates Paragraphs 1 through 37.

58. The Defendant, Berman and Rabin, violated 15 U.S.C 1692f provision which prohibits unfair or unconscionable means of collection by collecting an amount that was not expressly authorized by the agreement creating the debt or permitted by law. See <u>Bradley v. Franklin Collection Serv. Inc.</u>, 793 F. 3d.606 (11th Cir. 2014). Specifically, Berman attempted to collect more money or fees from Plaintiff, which was incidental to the alleged debt owed.

59. Additionally, B&R attempted to collect the debt by calling the Plaintiff simultaneously with Bluestem even though Plaintiff asked both defendants to stop calling.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Berman and Rabin for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

<h3 style="text-align:center">COUNT VII<br>VIOLATION OF THE FDCPA AGAINST BERMAN & RABIN<br>FALSE REPRESENTATION OR DECPTIVE MEANS TO COLLECT OR<br>ATTEMPT TO COLLECT A DEBT<br>15 U.S.C.§1692 et. seq.</h3>

60.  Plaintiff incorporates Paragraphs 1 through 37.

61.  The 15 U.S.C. § 1692e prohibits Defendant from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62.  The Defendant, Berman, conduct violated 15 U.S.C. § 1692e(10) in that "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Specifically, B&R and Bluestem simultaneously called the Plaintiff attempting to collect multiple debts or confusing the consumer that multiple debts existed.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, BERMAN for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> LAWRENCE FELDER, ESQ.
> 1840 SE 1st Ave.
> Ft. Lauderdale, FL 33316
> Telephone: 954-524-8808
> lawrencefelder@outlook.com
> lalkala@aol.com
>
> By: s/ Lawrence D. Felder
>     Lawrence D. Felder, Esq.
>     Florida Bar No. 204498